UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| IN RE | |
|---|---|
| Alexander V. Brown | Chapter 13<br>Case No. 07-12746-JNF |
| Debtor | |

OBJECTION TO MOTION FOR RELIEF FROM STAY

    NOW COMES Alexander V. Brown, debtor, and objects to the motion of Deutsch Bank, etc., for relief from the automatic stay. In support of this objection, the debtor states as follows:

1. The allegation is introductory and requires no response.
2. Admitted in part. There are other encumbrances.
3. Admitted that there was a pre-petition default and that a copy of the mortgage appears to be attached to the motion.
4. Admitted.
5. The debtor responds to the sub-paragraphs as follows:
    a. Admitted.
    b. The debtor lacks knowledge or information sufficient to respond. Ameriquest Funding II, LLC, does not appear to have filed a Proof of Claim. To the extent that this allegation would constitute an informal proof of claim, the debtor objects and requests that the Bank be required to provide his counsel with a complete accounting of the loan.
    c. Admitted.
    d. This appears to be consistent with the Note.
    e. The debtor is reviewing his records to determine the accuracy of this statement.
    f. Admitted that an assignment is attached to the motion. The debtor lacks knowledge or information sufficient to respond to the allegation that CitiResidential Lending is the servicer; the notices required by 12 USC §2605(b) are not attached to the motion.
    g. Admitted
    h. The debtor lacks knowledge or information sufficient to respond. Ameriquest Funding II, LLC, does not appear to have filed a Proof of Claim. To the extent that this allegation would constitute an informal proof of claim, the debtor objects and requests that the Bank be required to provide his counsel with a complete accounting of the loan.
6. The debtor is unaware of any other recorded encumbrances, nor is he aware of any tax liens.
7. Denied as the appraisal seems to indicate a value of $345,000. While the "broker's price opinion" is attached, the footnote reference is unexplained. Denied that the suggested costs are reasonable or necessary.

8. Admitted. However, the property is a multi-family dwelling and therefore modifiable within the meaning of §1322.
9. Denied in part because the property is a multi-family dwelling. *See* Lomas Mortgage, Inc. v. Louis, 82 F.3d 1 (1st Cir. 1996).
10. This allegation requests a legal conclusion and accordingly no response is required.
11. The debtor is willing to entertain such offers, but requires that all such offers be communicated to him through his attorney.
12. FURTHER RESPONDING, the debtor states that the obligation is modifiable within the meaning of §1322 and he intends to file an amended plan as soon as possible to set forth his intentions in that regard.

WHEREFORE, the debtor requests that the motion be denied..

March 24, 2008

Respectfully submitted,
Alexander Brown
By debtor's attorney,

/s/            *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Ste. 302
Boston, MA  02115
617-340-3680
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within paper was served upon the entities named below by the court's CM/ECF system.

/s/            *David G. Baker*
David G. Baker

Carolyn Bankowski-13     13trustee@ch13boston.com

Adam B. Finkel on behalf of Deutsche Bank National Trust Company, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates
bankruptcy@kordeassoc.com

John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV

Victor Manougian on behalf of Deutsche Bank National Trust Company, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates
bankruptcy@kordeassoc.com

Julie A. Ranieri on behalf of Ameriquest Funding II, LLC
bankruptcy@kordeassoc.com

Laurie Ray on behalf of Massachusetts Department of Revenue, Child Support Enforcement Division     martuccil@dor.state.ma.us, oneilld@dor.state.ma.us