UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re | |
|---|---|
| Alexander V. Brown | Chapter 13 |
| | Case No.   07-12746 |
| Debtor | |

MOTION TO REINSTATE AUTOMATIC STAY

      NOW COMES Alexander V. Brown, debtor, by his attorney, and respectfully moves the court to reinstate the automatic stay as to Deutsche Bank, and for reasons states as follows:

1. The debtor filed his petition on May 2, 2007.  Property of the bankruptcy estate includes a two-family dwelling in Dorchester, which is <u>not</u> the debtor's residence.

2. His plan stated an intention to cure pre-petition arrears on the two mortgages encumbering title to the property, and to remain current post-petition by direct payments.

3. Because the property was not occupied and therefore not producing income, the debtor decided that it would be better to surrender the property to the mortgagee.  A motion for relief from stay was filed as to one of the mortgages and allowed.

4. Soon thereafter, the debtor was able to obtain tenants for the property.  As a result, the property is now producing income.

5. In his amended plan recently filed, the debtor set forth a proposal to modify the mortgage obligations and make payments to the mortgagee through the chapter 13 trustee.  In addition, a motion to use the rents, as "cash collateral", has been filed.

6. Under FRCP 60(b)(6) (incorporated in bankruptcy proceedings by FRBP 9024), the Court is authorized to grant relief from a judgment at any time for any reason justifying the relief. In light of the foregoing changed circumstances, relief from the order granting relief from the automatic stay is warranted.  Absent relief from the order, the mortgagee will continue foreclosure proceedings, thereby potentially rendering the debtor's plan moot.  Because the plan is viable and conforms to the provision of Chapter 13, the debtor should have an opportunity to perform in accordance with it.

7. Upon information and belief, counsel for Deutsche Bank has taken only very basic, preliminary steps toward foreclosure. Accordingly it does not appear that any serious prejudice would result from re-imposition of the automatic stay.

8. As an auxiliary matter, there is an issue as to whether the proper party was before the court on the motion for relief from stay[1].

   a. The motion dated August 13, 2007, alleges that Deutsche Bank, as trustee of a securitized trust, is the holder of the note and mortgage. However, the note and mortgage were originally given to Argent Mortgage, and no assignment to Deutsche Bank was attached.

   b. Another motion seeking relief from the stay, apparently with regard to the same mortgage, was filed on October 10, 2007. Again, it was alleged that Deutsche Bank is the holder, but no assignment was attached.

   c. An "amended" motion was filed on or about November 7, 2007, again alleging that Deutsche Bank is the holder, but no assignment was attached.

   d. After relief from the stay was granted, counsel for Deutsche Bank filed a motion on March 3, 3008, seeking to modify the order, admitting that the motion confused the first and second mortgages, which apparently allegedly are both held by Deutsche.

   e. On March 5, 2008, counsel for Deutsche Bank filed a motion to withdraw the October 10 motion, admitting that the motion named the wrong entity as holder of the note and mortgage. For the first time, an <u>unsigned</u> assignment was provided which would indicate that one of the mortgages (apparently the second) had been assigned to Ameriquest Funding II, LLC.

   f. In early March, 2008, the court entered the amended order requested on March 3, 2008. Again, Deutsche Bank is named as the mortgagee in the order.

   g. Another motion for relief from stay was filed on March 12, 2008, apparently concerning the <u>second</u> mortgage. That motion referenced an assignment of the <u>second</u> mortgage from Argent Mortgage Company to Ameriquest Funding II,

---

[1] There were other factual errors, as well, which counsel for the mortgagee acknowledged and endeavored to rectify, as indicated herein. The "proper party" issue was raised in respond to the motion for relief from stay, but not pursued based on an assumption by debtor's counsel that the proper assignment could be produced since Deutsche Bank's counsel was presumed to have investigated the facts prior to filing the motion. *See generally* In re Nosek, -- BR--, 2008 WL 1899845 (Bkrtcy.D.Mass. 2008).

2

        LLC. The assignment is signed by "Tamara Price-Vice President", but indicates that Ms. Price is vice-president of Citi Residential Lending Inc. and is signing "as attorney in fact for Argent Mortgage Company". It is not stated whether Ms. Price is an attorney admitted to practice in California, where the assignment apparently was signed, nor is any other basis of legal authority for Ms. Price, apparently an employee of Citi Residential Lending, to sign the assignment on behalf of Argent Mortgage Company. Curiously, the motion alleges[2], in paragraph 5f, that Citi Residential Lending is the "servicer for this loan on behalf of Movant", that being Ameriquest Funding II, LLC. Apparently Citi Residential is play a dual role.

    h.    A search of the records of the Suffolk Registry of Deeds on this date indicates that assignments have been recorded for both mortgages. However, they were recorded on February 26, 2008; a copy of the assignment of the first mortgage is attached. It is the first mortgage as to which relief from the stay has been granted[3], and from the granting of which relief as sought in this motion.

    i.    It should be noted that the assignment was signed on February 20, 2008, but states that the assignment is effective as of July 23, 2007. Assuming that this is legal (which seems dubious), the obvious purpose of the back-dating is to validate the motion for relief from the automatic stay, which was filed almost exactly three weeks after the purported "effective date" of the assignment.

    j.    Based on the foregoing, it seems clear that *on the date that the motion was filed*, Deutsche Bank, as trustee, was not the actual holder of the note and/or mortgage. Backdating the assignment is ineffective to satisfy the "real party in interest" test for standing to make the motion, or to validate the relief granted pursuant to the motion. *See* In re Schwartz, 366 B.R. 265 (Bankr.D.Mass.2007),

9.    Based on all of the foregoing, the debtor believes that relief from the order granting relief from the automatic stay is appropriate and warranted.

---

[2] Paragraph 11 also seeks relief in order to contact the debtor directly regarding a loan workout. The debtor would be open to a loan workout, but requires that such contacts be made through his attorney. Relief from the automatic stay is not necessary for such contact, although it might be appropriate to *modify* the automatic stay in a limited fashion.

[3] Debtor's counsel believes this to be true, but given the confusing flurry of motions and corrections and amendments, admits that he could be wrong.

3

Document      Page 4 of 4

WHEREFORE Brown requests relief as set forth herein.

May 8, 2008

> Respectfully submitted,
> Alexander Brown
> By debtor's attorney,
>
> /s/   *David G. Baker*
> David G. Baker, Esq.
> 236 Huntington Avenue, Ste. 302
> Boston, MA  02115
> 617-340-3680
> BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within paper was served upon the entities named below by the court's CM/ECF system.

> /s/   *David G. Baker*
> David G. Baker

Carolyn Bankowski-13     13trustee@ch13boston.com

Adam B. Finkel on behalf of Ameriquest Funding II, LLC    bankruptcy@kordeassoc.com

John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV

Victor Manougian on behalf of Ameriquest Funding II, LLC    bankruptcy@kordeassoc.com

Julie A. Ranieri on behalf of Ameriquest Funding II, LLC    bankruptcy@kordeassoc.com

Laurie Ray on behalf of Massachusetts Department of Revenue, Child Support Enforcement Division    martuccil@dor.state.ma.us, oneilld@dor.state.ma.us

Meghan Elizabeth Roche on behalf of Sovereign Bank    bankruptcy@orlansmoran.com