UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 07-12746-JNF |
| Alexander V. Brown | Chapter 13 |

**LIMTED OPPOSITION TO DEBTOR'S MOTION FOR ORDER APPROVING USE OF CASH COLLATERAL**

Now comes Deutsche Bank National Trust Company, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2006-M3 Under the Pooling and Servicing Agreement Dated as of September 1, 2006 ("Lender") and files this Limited Objection to Debtor's Motion for Order Approving Use of Cash Collateral. As grounds for said opposition, Lender states the following:

1. The Debtor is the owner and mortgagor of a certain parcel of real estate known and numbered as 31 Downer Avenue, Dorchester, MA (the "Property"). This property is encumbered by a first mortgage given by the Debtor to Argent Mortgage Company. Said mortgage is dated July 14, 2006 and was recorded in the Suffolk County Registry of Deeds in Book 40001 and Page 80. Lender is the holder of the mortgage via assignment. The assignment was recorded in the Suffolk County Registry of Deeds in Book 43152, Page 234.

2. The Property is also encumbered by a second mortgage given to Argent Mortgage Company, LLC. Said mortgage is dated July 14, 2006. The second mortgage was recorded in the Suffolk County Registry of Deeds in Book 40001 and Page 103. The second mortgage is currently held by Ameriquest Funding II, LLC via assignment. A copy of the assignment was recorded in the Suffolk County Registry of Deeds in Book 43152, Page 235.

3. Based on the Debtor's failure to make any post-petition payments to either mortgage since this chapter 13 petition was filed on May 2, 2007, and the lack of equity in the Property, motions for relief were filed relative to both mortgages.

4. Based on an agreement between the parties, Lender was granted relief from the automatic stay effective December 4, 2007 as to the first mortgage. A motion to vacate said order is now pending. On opposition to said motion has been filed.

5. A motion for relief is also pending as to the second mortgage.

6. The Debtor alleges that the Property is an investment property from which he is now receiving rental income in the amount of $2,300 per month. In his motion, Debtor sets forth a net income amount of $1,719 per month, after maintenance, insurance, and property taxes are subtracted from the monthly rent amount

7. Debtor fails to indicate how long the Property has been occupied by tenants or generating income.

8. In addition, the Debtor has failed provide specific proof of occupancy of the Property. The Debtor did not attach any lease agreement(s) to the Motion to Use Cash Collateral. Counsel for the Lender has requested this information from Debtor's counsel.

9. The Debtor also indicates in his Motion to Use Cash Collateral that he has expenses totaling $581 per month ($100 for routine maintenance, $135 for insurance, and $346 for property taxes). Debtor has not provided proof of insurance for the Property. Further, Debtor's Amended Schedule J lists the $135 for insurance; however, it does not appear to provide for the $346 for taxes that Debtor claims to be paying. Lender requests clarification on this and proof of all expenses.

10. According to the Debtor's Second Amended Chapter 13 Plan, "all debt incurred post-petition shall be paid directly by the debtor to the creditor." The Amended Plan then further states that Claims #11 and Claims #12 for the Property are to be modified.

11. While the terms of the Second Amended Plan are unclear as to the treatment of theses clams, it would appear that the Debtor intends to cure the post-petition arrears on said claims, or at the least as to the first mortgage as there is a pending motion to vacate the relief order. The Lender is objecting to the motion to vacate on the grounds that the Debtor has significant arrears and does not indicate when, or how, said arrears are to be brought current. If the Property has been generating rental income for a period of time, Lender questions as to where said income is being directed. There is also no equity in the Property. Lender will also be filing an objection to Debtor's Second Amended Chapter 13 Plan.

12. The order vacating relief from stay should be conditioned on the Debtor curing the post-petition arrears presently owed on both mortgages within a reasonable period of time. If it is not the Debtor's intention to fully cure all arrears, and the motion to vacate is not allowed, Lender objects to Debtor's Motion to Use Cash Collateral.

Wherefore, the Lender sets forth this limited objection to the Debtor's Motion to Approve Use of the Cash Collateral derived from the Property.  Lender respectfully requests that the Court:

1. Rule upon this motion after a ruling has been made as to Debtor's Motion to Vacate the relief order as to the first mortgage.
2. Order the Debtor to cure the post-petition arrears within one week.  If the Debtor cures the post-petition arrears and relief from stay is vacated as to the first mortgage, Lender will assent to the use of the cash collateral going forward.
3. Order the Debtor to produce a copy of the lease agreement(s), in addition to proof of insurance and any other monthly expenses for the Property prior to the Court's allowing Debtor's Motion to Approve Use of the Cash Collateral.
4. Order such further and other relief as this Honorable Court deems just and proper

Dated:  May 27, 2008

Respectfully submitted:

Deutsche Bank national Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates, Series 2006-M3 Under the Pooling and Servicing Agreement Dated as of September 1, 2006
by its Attorney:

/s/ Julie A. Ranieri, Esquire
Julie A. Ranieri
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA. 01824
Tel: 978-256-1500
BBO# 655936

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 07-12746-JNF |
| Alexander V. Brown | Chapter 13 |

**CERTIFICATE OF SERVICE**

I, Julie A. Ranieri, Attorney for Deutsche Bank National Trust Company, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2006-M3 Under the Pooling and Servicing Agreement Dated as of September 1, 2006 hereby certify that on May 27, 2008 I electronically filed the foregoing *Limited Opposition to Motion to Use Cash Collateral* with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

John Fitzgerald, US Trustee
Carolyn Bankowski, Trustee
David G. Baker, Esq.

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Alexander V. Brown
126 Msgr. Lyden Way
Dorchester, MA  02124

City of Boston
Tax Collector
One City Hall Square
Boston, MA  02201

Alexander V. Brown
31 Downer Avenue
Dorchester, MA 02125

/s/ Julie A. Ranieri
Julie A. Ranieri, Esquire
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA. 01824
Tel: 978-256-1500