UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 07-12746-JNF |
| Alexander V. Brown | Chapter 13 |

**OPPOSITION TO MOTION TO REINSTATE AUTOMATIC STAY**

     Now comes Deutsche Bank National Trust Company, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2006-M3 Under the Pooling and Servicing Agreement Dated as of September 1, 2006 ("Deutsche Bank") and respectfully opposes Debtor's motion to vacate the Court's order granting Deutsche Bank relief from the automatic stay. As grounds for said opposition, Deutsche Bank states the following:

1. The Debtor is the owner and mortgagor of a certain parcel of real estate known and numbered as 31 Downer Avenue, Dorchester, MA (the "Property"). This property is encumbered by a first mortgage given by the Debtor to Argent Mortgage Company. Said mortgage is dated July 14, 2006 and was recorded in the Suffolk County Registry of Deeds in Book 40001, Page 80. Deutsche Bank is the holder of the mortgage via assignment. The assignment was recorded in the Suffolk County Registry of Deeds in Book 43152, Page 234. A copy of said Assignment is attached hereto as <u>Exhibit A</u>.

2. The Property is also encumbered by a second mortgage given to Argent Mortgage Company, LLC. Said mortgage is dated July 14, 2006. The second mortgage was recorded in the Suffolk County Registry of Deeds in Book 40001, Page 103. The second mortgage is currently held by Ameriquest Funding II, LLC via assignment. A copy of the assignment was recorded in the Suffolk County Registry of Deeds in Book 43152, Page 235. A copy of said Assignment is attached hereto as <u>Exhibit B.</u>

3. Debtor questions the identity of the individual that signed the assignments. Both assignments were signed by Tamara Price, Vice President of Citi Residential Lending, Inc as attorney in fact for Argent Mortgage Company. Citi Residential Lending, Inc. is now the current servicer of both mortgages. Further, there is a Limited Power of Attorney which appoints Citi Residential Lending, Inc. as attorney in fact for Argent Mortgage Company LLC. In addition, there is an Incumbency Certificate authorizing Tamara Price as a Authorized Servicing Officer of Citi Residential Lending, Inc. A copy of the Limited Power of Attorney and Incumbency Certificate are attached hereto as <u>Exhibit C</u>.

4. On or about August 13, 2007 the Movant filed a motion for relief from the automatic stay based on, among other things, the Debtor's failure to remain current with mortgage payments on the first mortgage. At that time, the Debtor had made no post-petition payments.

5. Deutsche Bank did have standing at the time the motion for relief from stay was filed as it was the legal holder of the first mortgage. Although the actual tangible assignment itself was not yet recorded, Deutsche Bank was the holder of the note and mortgage. The assignment has an effective date of July 23, 2007, which is before the filing of the motion for relief. The assignment that was recorded memorializes an assignment of mortgage that occurred prior to the filing of the motion for relief.

6. On October 4, 2007 a hearing was held regarding Deutsche Bank's motion for relief as to the first mortgage.

7. After discussing this matter, the parties requested that the court issue an order granting Deutsche Bank relief from the automatic stay effective December 4, 2007 as to the first mortgage. Debtor was in agreement with said order.

8. The order erroneously provided for the book and page of the second mortgage; however, it was clear that this motion and order was regarding the first mortgage because the first mortgage was attached to the motion for relief.

9. On March 5, 2008, the order granting Deutsche Bank relief from stay was amended to reflect the correct book and page of the first mortgage. The Debtor did not object to the motion to amend, nor did the Debtor indicate at that time that the Property had tenants and was generating rental income.

10. On March 11, 2008, a motion for relief was also filed regarding the second mortgage on the Property. Said motion was filed on behalf of the holder of the second mortgage, Ameriquest Funding II, LLC.[1]

11. The motion for relief as to the second mortgage is still pending and is scheduled for hearing on May 29, 2008.

---

[1] A motion for relief was first filed on October 10, 2007 regarding the second mortgage. Said motion was amended on November 7, 2007 as the original motion failed to attach a copy of the second mortgage. The hearings on this motion for relief were continued several times. It was discovered that the motion for relief had been erroneously filed in the name of the wrong party. The motion had been filed in the name of Deutsche Bank, when in fact the proper holder is Ameriquest Funding II, LLC. There was confusion because the holder of the first mortgage is Deutsche Bank. The motion for relief was withdrawn, and then refiled in the name of the correct holder.

12. Debtor now alleges that the Property is occupied and producing income. The Debtor has filed: (1) a motion to vacate the Court's relief order as to the first mortgage, (2) a motion to utilize the rents as cash collateral, and (3) an amended chapter 13 plan.[2]

13. At this time, the first mortgage is post-petition due for the June 2007 mortgage payment. The Debtor has not made any post-petition mortgage payments since he filed this chapter 13 petition on May 2, 2007.

14. The total post-petition arrearage presently owed on the first mortgage is $31,480.48:    This amount is comprised of the following:

    a. June 2007-May 2008 payments at $2,464.07/month for a total of $29,568.84
    b. June 2007 –May 2008 late charges @ $63.47/month for total of $761.64
    c. Legal fees and costs totaling $1,150[3]

15. Debtor is seeking to vacate the relief order based on his "changed circumstances" and claims to now have tenant(s) in the Property; however, the Debtor does not intend to cure the significant post-petition arrears presently owed. The Debtor has failed to satisfy his burden under FRCP 60(b)(6), and FRBP 9024, and has not set forth any legitimate reason to justify that Court to vacate the relief order.

16. The Debtor contends that there is no post-petition arrearage because said arrears are now lumped into the payments under the Second Amended Chapter 13 plan and are to be paid by the Chapter 13 Trustee.

    a. Debtor relies upon In re Bernard, 201 B.R. 600 and asserts that payments on modified secured obligations are to be made through the trustee.
    b. The present case, however, can be distinguished from In Re Bernard.
    c. First, in Bernard, the secured creditor "waived any objection to its treatment under the Plan by entering into a Stipulation with the Debtors that outlined the treatment of its claims under the Debtors' Plan." 201 B.R. 602. Further, the court had approved said stipulation. No such stipulation was agreed to in this case.
    d. Second, the creditor in Bernard had no grounds to object to the proposed plan because the plan was in compliance with the Bankruptcy Code, specifically satisfying all elements of 11 U.S.C.

---

[2] Deutsche Bank has filed a Limited Opposition to Debtor's Motion to Use Rents as Cash Collateral.
[3] Deutsche Bank incurred approximately $650.00 in attorney fees and $150.00 in attorney costs in connection with the motion for relief as to the first mortgage, and $350 for the fees and costs associated with the filing of this objection.

      § 1325(a)(5)(B). The Debtor's proposed plan in the case at bar does not comply with the Bankruptcy Code. The Debtor's Second Amended Plan proposes a balloon payment at any time prior to the end of the plan term. This provision is in clear violation of U.S. C. § 1325(a)(5)(B)(iii)(I).[4]

    e. Based on the above reasoning, Debtor cannot rely upon the ruling in In re Bernard.

17. In claiming that there are no post-petition arrears, it appears that the Debtor is attempting to apply the terms of the Second Amended Chapter 13 Plan retroactively to the prior months.

18. If it is the Debtor's intention to retroactively apply the plan terms, the Debtor should be responsible for the prior 12 months of payments that would have been made through the plan had the terms of this Second Amended Plan been in place from the beginning of this petition.

    a. On August 1, 2007, Debtor filed his First Amended Chapter 13 Plan which provided for pre-petition payments to be paid through the plan and post-petition payments to be paid to the secured creditors directly, including to the first mortgagee on the Property. Debtor failed to adhere to his own plan provisions, and made no post-petition payments.

    b. On May 7, 2008, based on an alleged change in circumstances, the Debtor filed a 36-month plan with a proposed bifurcation of Deutsche Bank's claim and modification of the note.

    c. In the Amended Plan, Debtor relies on a property value of $345,000, which he obtained from an appraisal dated March 11, 2008. A copy of said appraisal was provided to counsel for Deutsche Bank on May 27, 2008.

    d. The Debtor sets forth a specific payment amount ($2,330.16) that would be paid by the trustee to Deutsche Bank, based on the proposed bifurcation and modification of the claim. In direct contradiction, Debtor then states that the plan is not intended to provide for "periodic payments."

    e. Utilizing the debtor's value of $345,000, for purposes of this objection only, the payments for a 36-month plan would be $9,583.33 per month. As noted above, the proposed balloon payment is not allowed under U.S. C. § 1325(a)(5)(B)(iii)(I) and the plan payments must be in equal amounts.

---

[4] Deutsche Bank will be filing a timely objection to Debtor's Second Amended Chapter 13 Plan based on the proposed balloon payment and other grounds.

 f. If Debtor maintains that there are no post-petition arrears because he is modifying the claim and the modified claim is to be paid by the Chapter 13 Trustee, the terms of the Plan should be retroactive to reflect what should have been paid through the plan to Deutsche Bank.

 g. Based on Debtor's proposed value of the Property, and his failure to make any post-petition payments, 12 installments of $9,583.33 for a total of $114,999.96 should have been paid to Deutsche Bank through the Plan. Debtor should pay this amount to the Chapter 13 Trustee based on the proposed Amended Plan.

 h. Deutsche Bank requests that the Court order the Debtor to remit this amount to the Chapter 13 Trustee immediately.

19. Deutsche Bank further contends that Debtor's Motion to Vacate was not filed in good faith:

 a. The Debtor alleges that his circumstances have changed, yet he does not intend to cure the post-petition arrears and alleges that in fact there are no post-petition arrears.

 b. The Debtor does not state how long the Property has been occupied and generating income. Moreover, the Debtor does not set forth any specific proof that the Property is occupied, such as copies of any lease agreements.

20. In addition to the significant post-petition arrears, there is no equity in this Property:

 a. The total amount presently owed to Deutsche Bank is approximately $382,000.
 b. According to the Debtor's Amended Plan, the Property has a value of $345,000. For purposes of this opposition, it is Deutsche Bank's opinion that the liquidation value of the premises is $322,226.80 calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,573.20) and anticipated closing costs incurred for a real estate closing ($500.00).

21. Deutsche Bank states that there are still grounds for relief under 11 U.S.C. Sec. 362(d)(1) and 11 U.S.C. Sec. 362(d)(2):
 a. The Debtor's post-petition arrearage is considerable. Further, Debtor does not intend to cure the post-petition arrears, but claims they should be paid through the plan.

    b. Also, there is no equity in the Property, and the Property is not necessary to an effective reorganization.

    c. Accordingly, Deutsche Bank requests that this Court deny Debtor's Motion to Vacate and affirm the order granting Deutsche Bank relief from the automatic stay in order to proceed with its applicable rights and remedies, including but not limited to a foreclosure sale on the premises and an eviction proceeding should Movant, or its successor in interest, become the successful bidder at a foreclosure sale.

22. Deutsche Bank requests that the Court order the Debtor to cure the total post-petition arrears of $31,480.48 immediately before relief from stay is vacated. In the alternative, if the Court finds that the Debtor is permitted to pay the modified claim through the Second Amended Plan, Deutsche Bank requests that the Court order the Debtor to pay $114,999.96 to the Chapter 13 Trustee.

WHEREFORE, the Deutsche Bank hereby requests that this Honorable Court deny Debtor's Motion to Vacate and order such further relief as this Honorable Court deems just and proper.

Respectfully submitted:

Dated: May 27, 2008

Deutsche Bank national Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass Through Certificates, Series 2006-M3 Under the Pooling and Servicing Agreement Dated as of September 1, 2006
by its Attorney:

/s/ Julie A. Ranieri, Esquire
Julie A. Ranieri
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA. 01824
Tel: 978-256-1500
BBO# 655936

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 07-12746-JNF |
|---|---|
| Alexander V. Brown | Chapter 13 |

**CERTIFICATE OF SERVICE**

I, Julie A. Ranieri, Attorney for Deutsche Bank National Trust Company, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2006-M3 Under the Pooling and Servicing Agreement Dated as of September 1, 2006 hereby certify that on May 27, 2008 I electronically filed the foregoing *Opposition to Motion to Vacate* with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

John Fitzgerald, US Trustee
Carolyn Bankowski, Trustee
David G. Baker, Esq.

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Alexander V. Brown
126 Msgr. Lyden Way
Dorchester, MA  02124

City of Boston
Tax Collector
One City Hall Square
Boston, MA  02201

Alexander V. Brown
31 Downer Avenue
Dorchester, MA 02125

/s/ Julie A. Ranieri
Julie A. Ranieri, Esquire
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA. 01824
Tel: 978-256-1500