UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE<br><br>　　　Alexander V. Brown<br><br>　　　　　　　　　　　　　　　Debtor | Chapter 13<br>Case No. 07-12746-JNF |
| Alexander V. Brown,<br>　　　　　　　　　　　　　　　Plaintiff<br>　　　v.<br>Ameriquest Funding II, LLC;<br>Citi Residential Lending, Inc.;<br>Deutsche Bank, as trustee;<br>Argent Mortgage Company, LLC; and<br>AMC Mortgage Services, Inc.<br>　　　　　　　　　　　　　　　Defendants | ADVERSARY PROCEEDING<br>NO. |

## COMPLAINT

NOW COMES Alexander V. Brown, debtor, and for his complaint states as follows:

### Jurisdictional Statements and Parties

1. Plaintiff Alexander V. Brown is the debtor in the above captioned bankruptcy case.
2. He commenced the case on May 2, 2007.
3. Venue of the bankruptcy case is appropriate in this court pursuant to 28 USC §1408. Venue of the instant complaint is appropriate pursuant to 28 USC §1409.
4. This court has jurisdiction of the bankruptcy case and this complaint pursuant to 28 USC §1334.
5. Pursuant to 28 USC §157, the district court has referred all bankruptcy cases and related proceedings to the bankruptcy judges of this district.
6. This is a core proceeding within the meaning of that statute, and the court has jurisdiction to enter a final judgment.
7. Upon information and belief, defendant Ameriquest Funding II, LLC, has an address at 505 City Parkway West, Ste. 100; Orange, CA  928868.
8. Upon information and belief, defendant Citi Residential Lending, Inc., has a principal office at 390 Greenwich Street; New York, NY  10013.
9. Upon information and belief, defendant Deutsche Bank is the trustee of a securitized real estate trust, further identified hereinafter, with an address at 1761 East Street, Andrews Place, Santa Ana, CA   92705.
10. Upon information and belief, Argent Mortgage Company, LLC, has an address at 3 Park

      Plaza, 10th Floor; Irvine, CA    92614.

11. AMC Mortgage Company filed proofs of claim in this case. According to the Proofs of Claim, it has an address at PO Box 5926; Carol Stream, IL  60197

Factual Allegations

12. Brown is the sole owner, in fee simple, of the real property, with the buildings thereon, located at 31 Downer Avenue, Dorchester, MA.  His deed was recorded at book 40001, page 78, in the Suffolk County Registry of Deeds on July 14, 2006.  Hereinafter, references to "the property" mean 31 Downer Avenue, Dorchester, MA.

13. The purchase price was paid by way of two mortgages, both of which were given to Argent Mortgage Company, LLC.

14. On April 19, 2007, a third mortgage was recorded, which Brown had given to the City of Boston Department of Neighborhood Development for the purpose of securing a loan in the amount of $12,500, obtained in order to rehabilitate the property.  This mortgage is recorded at book 41649, page 99.  Upon information and belief, no payments are required on this obligation so long as Brown continues to own the property, and if he continues to own it for a period of years, he will be excused from repaying the loan altogether.

The first mortgage

15. The first was recorded at book 40001, page 80, in the same registry on the same date as the deed, and secured a note in the amount of $336,000.

16. On February 26, 2008, an assignment of this mortgage was recorded in the registry at book 43152, page 234, purporting to assign the mortgage from Argent Mortgage Company to Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, Series 2006-M3 under the Pooling and Servicing agreement dated as of September 1, 2006.

17. The assignment was signed by Tamara Price, claiming to be Vice President of Citi Residential Lending Inc. As Attorney in Fact for Argent Mortgage Company.

18. The assignment purported to be effective as of July 23, 2007.

19. The assignment does not reference any recorded Power of Attorney.

20. No further assignment of this mortgage appears in the Registry of Deeds, so far as can be ascertained in an internet-based search of the records.

The second mortgage

21. The second mortgage was recorded at book 40001, page 103, on the same date in the same registry, and secured a note in the amount of $84,000.

22. On February 26, 2008, an assignment of this mortgage was recorded at book 43152, page 235, by which Argent Mortgage Company purported to assign this mortgage to Ameriquest Funding II, LLC.

23. The assignment was signed by Tamara Price, claiming to be Vice President of Citi Residential Lending Inc. There is nothing in this assignment indicating that Citi Residential Lending claims to be Attorney in Fact for Argent Mortgage Company.

24. A *second*, virtually identical assignment was recorded on May 28, 2008, at book 43588, page 3, in the registry.

25. Both assignments purport to be effective as of July 24, 2007.

26. Neither assignment references any recorded Power of Attorney by which Citi Residential Lending, Inc., obtained authority to sign the assignments.

27. No further assignment of this mortgage appears in the Registry of Deeds, so far as can be ascertained in an internet-based search of the records.

The bankruptcy case – Proofs of Claim

    Claim Number 10

28. On or about August 23, 2007, a proof of claim was filed, in which AMC Mortgage Services Inc. claimed to be "loan servicer for Secured Creditor Argent Mortgage Company, LLC".

29. The proof of claim appears as number 10 on the claims register maintained by the clerk of the court.

30. The total amount of the claim is $354,425.38

31. A copy of the promissory note and the mortgage were not attached to the proof of claim, in violation of Federal Rule of Bankruptcy Procedure 3001.

32. Nonetheless, based on the amount of the claim, it appears that this claim relates to the first mortgage.

    Claim Number 11

33. On or about August 23, 2007, another proof of claim was filed in which AMC Mortgage Services Inc. claimed to be "loan servicer for Secured Creditor Argent Mortgage Company, LLC".

34. The proof of claim appears as number 11 on the claims register maintained by the clerk of the court.

35. The total amount of the claim is $89,137.68.

36. A copy of the promissory note and the mortgage were not attached to the proof of claim, in violation of Federal Rule of Bankruptcy Procedure 3001.

37. Nonetheless, based on the amount of the claim, it appears that this claim relates to the

second mortgage.

Other filings

    The first motion for relief from stay

38. On or about August 13, 2007, a motion for relief from the automatic stay was filed by defendant Deutsche Bank, in which it claimed to be the holder of the mortgage recorded at book 40001, page 103 – i.e., the second mortgage.

39. However, the amount claimed as due was estimated at $359,000, which apparently would be the approximate amount due on the first mortgage.

40. The allegation that Deutsche Bank was the holder appears to have been a false allegation for two independent reasons: 1) the second mortgage had not been assigned to any third party until February 26, 2008, that being the date the assignment was signed and which is approximately six months after the motion was filed; and 2) the second mortgage was assigned to Ameriquest Funding II, LLC, not Deutsche Bank.

41. Brown filed an objection to the motion which noted the lack of an assignment and questioned the standing of Deutsche Bank to make the motion.

42. At that point in the case, Brown was having difficulty maintaining the direct payments on this mortgage, and decided to assent to the motion, i.e., to surrender the collateral. Thus an order was entered on October 9, 2007, granting the motion as of December 4, 2007.

    The *Second* motion for relief from stay

43. On or about October 10, 2007, a second motion for relief from the automatic stay was filed by defendant Deutsche Bank, in which it claimed to be the holder of the mortgage recorded at book 40001, page 103 – i.e., the second mortgage.

44. In this motion, the amount claimed to be due was estimated at $93,000, which would appear to be an amount due under the second mortgage.

45. The allegation that Deutsche Bank was the holder of the mortgage appears to have been a false allegation for two independent reasons: 1) the second mortgage had not been assigned to any third party until February 26, 2008, that being the date the assignment was signed and which is approximately four months after the motion was filed; and 2) the second mortgage was assigned to Ameriquest Funding II, LLC, not Deutsche Bank.

46. On November 8, 2007, the court entered an order finding this motion to be mooted by the filing of the third motion for relief from stay.

    The *Third* motion for relief from stay

47. On or about November 7, 2007, a *third* motion for relief from the automatic stay (captioned "Amended") was filed by defendant Deutsche Bank, in which it claimed to be

4

   the holder of the mortgage recorded at book 40001, page 103 – i.e., the second mortgage.

48. The motion alleged that relief from the stay had been granted as to the first mortgage. However, as noted above, all of the prior motions referred to the Registry book and page of the *second* mortgage.

49. The motion alleged that the amount due was estimated at $93,000, which would appear to be the amount due on the second mortgage.

50. The allegation that Deutsche Bank was the holder appears to have been a false allegation for two independent reasons: 1) the second mortgage had not been assigned to any third party until February 26, 2008, that being the date the assignment was signed and which is approximately six months <u>after</u> the motion was filed; and 2) the second mortgage was assigned to Ameriquest Funding II, LLC, not Deutsche Bank.

51. On March 5, 2008, Deutsche Bank filed a motion seeking to withdraw a motion for relief from stay, alleging that "the motion was filed in error". Although it was unclear, the motion apparently sought to withdraw the *third* motion for relief from stay.

52. That same day, a "Supplemental Motion to Withdraw Motion for Relief From Stay" was filed, admitting that the *third* motion for relief from stay was factually incorrect and stating that the debtor would not be charged any fees or costs associated with the motion.

The *Fourth* motion for relief from stay

53. On or about March 11, 2008, a *fourth* motion for relief from the automatic stay was filed by defendant Ameriquest Funding II, LLC.

54. The motion asserted that Ameriquest Funding II, LLC, is the holder of the <u>first</u> mortgage.

55. However, all of the other allegations of the motion, and the exhibits attached to it, make it clear that it is the <u>second</u> mortgage which is the subject of the motion. The motion does not include any reference to Registry recording information.

56. Brown filed an objection in which he noted, among other things, that the mortgage is modifiable within the meaning of 11 USC §1322(b)(2), and that he intended to file an amended plan modifying the mortgage.

57. On July 15, 2008, the motion was withdrawn "based on information gathered by the lender."

Related motions

58. On March 3, 2008, Deutsche Bank filed a motion asking the court to amend the order dated October 4, 2007, to correct the incorrect Registry recording information in the order, alleging that the error on the part of its counsel was "administrative". This motion was allowed on March 5, 2008.

59. Brown filed a Second Amended Plan, and a motion for approval of the same, on or about

5

    May 5, 2008, which set forth a proposed modification of <u>both</u> mortgages. Deutsche Bank filed an objection to the plan on May 28, 2008. Ameriquest Funding II, LLC, does not appear to have filed an objection. The objection took issue with, among other things, the provision in the plan for a balloon payment. Brown filed a response in which the standing of Deutsche Bank was raised. On July 17, 2008, the court sustained the objection but did not reach the standing issue. Brown intends to seek leave for an interlocutory appeal of the order sustaining the objection.

60. Pursuant to an order of the court, Brown filed a motion for approval of use of the rents from the property. The court has allowed that motion on an interim basis, not withstanding the Limited Objection of Deutsche Bank to the motion. It does not appear that Ameriquest Funding II, LLC, has filed any objection to the cash collateral motion

<u>Brown's motion to reinstate the automatic stay</u>

61. Having filed an amended plan seeking to modify the mortgage, Brown filed a motion seeking to reinstate the automatic stay to the extent that it was granted by the *first* motion for relief from stay, which was effective as of December 4, 2007. The motion noted that the second amended plan (modifying the mortgage) had been filed, as well as many of the factual errors detailed in previous paragraphs of this motion.

62. Deutsche Bank filed an opposition to the motion on May 27, 2008. Ameriquest Funding II, LLC, did not file an opposition. Deutsche Bank's opposition claimed that there existed "significant post-petition arrears" even though the plan modified the mortgage, and under existing law in the District of Massachusetts, modified secured obligations must be paid by the trustee, not directly. At the hearing on the motion, the court roundly rejected Deutsche Bank's contention that Brown should be required to cure the post-petition arrears forthwith.

63. Attached to the opposition were copies of two of the assignments referred to herein, together with a Limited Power of Attorney appointing Citi Residential as attorney in fact for Argent Mortgage Company, and an Incumbency Certificate.

64. The motion was allowed on condition that Brown "tender all <u>net</u> rents generated by the subject property" (emphasis added) to the Chapter 13 trustee for distribution to the mortgagee "pending further order of court."

<u>The Pooling and Servicing Agreement</u>

65. As noted in paragraph 15 above, Deutsche Bank claims to be the holder of the first mortgage, as trustee of a securitized real estate trust, pursuant to a certain Pooling and Servicing Agreement (hereinafter "the Agreement").

66. Said agreement is a legal document that was filed with the Securities and Exchange

6

Commission on or about October 24, 2006.

67. The agreement, in essence, is a purchase and sale agreement whereby a depositor agrees to sell certain mortgage loans to a trust, the beneficiaries of which purchase interests in the trust.

68. A review of the agreement, obtained via the internet from the Securities and Exchange Commission's web site, indicates that the Depositor of this trust is Ameriquest Mortgage Securities Inc.

69. Under Section 2.01 of the agreement, the Depositor, "concurrently with the execution and delivery [of the agreement], does [thereby] transfer, assign, set over and otherwise convey to the Trustee … all the right, title and interest of the Depositor, … in and to the Mortgage Loans identified on the Mortgage Loan Schedule… " together with certain other rights and/or property.

70. The agreement contains four references to "Dorchester", the location of the property, but it is impossible to ascertain from the agreement itself whether the first mortgage is included in the Pool.

## Count I

The first mortgage

71. Argent Mortgage Company, the mortgagee on the first mortgage, is a stranger to the Pooling and Servicing Agreement because the agreement is between Ameriquest Mortgage Securities Inc. and Deutsche Bank as trustee, and there is nothing to indicate that Argent Mortgage Company has any power to convey mortgages to the trust.

72. The Power of Attorney referred to in paragraph 63 above does not contain any provision granting Citi Residential authority to convey mortgages to the trust.

73. Thus the assignment from Argent Mortgage Company directly to Deutsche Bank is invalid, as Argent is a stranger to the agreement and was not legally authorized. To be valid, the assignment must be from Argent Mortgage Company to Ameriquest Mortgage Securities Inc., the depositor, and must be executed by a party with power and/or authority to do so.

74. Furthermore, the attempt to "backdate" the assignment to July 23, 2007, is a nullity because a mortgage is an interest in land, and as such must be in writing to satisfy the Statute of Frauds. Because the assignment purports to convey an interest in an interest in land, the assignment must also be in writing and can only be effective as of the date it is signed.

75. The proof of claim in this case was filed by "AMC Mortgage Services, Inc., as servicer for Secured Creditor Argent Mortgage Company, LLC", on or about August 23, 2007.

76. The proof of claim did not contain a copy of the note, the mortgage, or any proof of

7

authority of AMC Mortgage Services to file the proof of claim on behalf of Argent.
77. If the assignment were found to be valid, then the proof of claim is false because on the date the proof of claim was filed (i.e., after the "effective date" of the assignment), the "secured creditor" was Deutsche Bank as trustee, not Argent Mortgage Company, LLC.
78. In addition, Brown is unable to ascertain from the information included on the proof of claim whether the account claimed due is correct, and believes that it may include amounts to which the claimant is not legally entitled.

Count II

The second mortgage

79. The proof of claim relating to the second mortgage was filed by AMC Mortgage Services Inc., claiming to be "loan servicer for Secured Creditor Argent Mortgage Company, LLC".
80. The two assignments of the second mortgage to Ameriquest Funding II, LLC, were signed by Tamara Price, claiming to be Vice President of Citi Residential Lending Inc.
81. The Power of Attorney referred to in paragraph 63 above does not contain any provision granting Citi Residential authority to convey mortgages to third parties.
82. Thus the assignment from Argent Mortgage Company to Ameriquest Funding II, LLC, is invalid. To be valid, the assignment, must be executed by a party with power and/or authority to do so.
83. The proof of claim in this case was filed by "AMC Mortgage Services, Inc., as servicer for Secured Creditor Argent Mortgage Company, LLC", on or about August 23, 2007.
84. The proof of claim did not contain a copy of the note, the mortgage, or any proof of authority of AMC Mortgage Services to file the proof of claim on behalf of Argent.
85. If the assignment were found to be valid, then the proof of claim is false because on the date the proof of claim was filed (i.e., after the "effective date" of the assignment), the "secured creditor" was Ameriquest Funding II, LLC, not Argent Mortgage Company, LLC.
86. In addition, Brown is unable to ascertain from the information included on the proof of claim whether the account claimed due is correct, and believes that it may include amounts to which the claimant is not legally entitled.

WHEREFORE Brown requests that the court enter judgment finding and declaring that the purported assignments of the mortgages are void and ineffective; that the claims be disallowed; and that the security interests be deemed void pursuant to 11 USC §506(d); or in the alternative declaring the identity of the actual holder of the mortgage and note, compelling the holder to provide him with a complete accounting of the obligation; together with attorneys fees,

costs, and such other or different relief as may be appropriate to the facts as determined at trial.

July 17, 2008

           Respectfully submitted,
           Alexander V. Brown
           By his attorney,

           /s/        *David G. Baker*
           David G. Baker, Esq.
           236 Huntington Avenue, Ste. 302
           Boston, MA  02115
           617-340-3680
           BBO# 634889