UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| IN RE | |
|---|---|
| Alexander V. Brown | Chapter 13<br>Case No. 07-12746-JNF |
| Debtor | |

MOTION FOR LEAVE TO APPEAL

NOW COMES Alexander V. Brown, by his attorney, and respectfully moves the Court pursuant to FRBP 8003 for leave to appeal in this matter, and in support of his motion submits the attached memorandum, incorporated by reference.

July 22, 2008

Respectfully submitted,
Alexander V. Brown
By debtor's attorney,

/s/      *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Ste. 302
Boston, MA  02115
617-340-3680
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within paper was served upon the entities named below by the court's CM/ECF system.

/s/      *David G. Baker*
David G. Baker

1. Carolyn Bankowski-13     13trustee@ch13boston.com
2. Adam B. Finkel on behalf of Ameriquest Funding II, LLC
   bankruptcy@kordeassoc.com
3. John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV
4. Victor Manougian on behalf of Ameriquest Funding II, LLC
   bankruptcy@kordeassoc.com
5. Julie Taylor Moran on behalf of Sovereign Bank     bankruptcy@orlansmoran.com
6. Julie A. Ranieri on behalf of Ameriquest Funding II, LLC
   bankruptcy@kordeassoc.com
7. Laurie Ray on behalf of Massachusetts Department of Revenue, Child Support
   Enforcement Division     martuccil@dor.state.ma.us, oneilld@dor.state.ma.us
8. Meghan Elizabeth Roche on behalf of Sovereign Bank     bankruptcy@orlansmoran.com

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

IN RE

Alexander V. Brown

Debtor

Chapter 13
Case No. 07-12746-JNF

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO APPEAL

Pursuant to Fed.R.Bankr.P. 8003, appellant Alexander V. Brown submits the following in support of his motion for leave to appeal.

1. Statement of the Facts

The matter before the bankruptcy court was an objection to confirmation of by Deutsche Bank, as trustee of a securitized real estate trust. Initially, Brown's plan provided for curing of pre-petition arrears on a mortgage while remaining current with post-petition payments made directly to the claimant or servicer, pursuant to 11 USC §1322(b)(5). Thereafter, Brown determined that because the property is not his principal residence, it would be in his best interests to propose a modification of the mortgage pursuant to 11 USC §1322(b)(2).

An amended plan was filed that set forth the modification, but avoided any direct instruction to the trustee as to the timing or amount of disbursements. Deutsche Bank filed objections to confirmation of the plan, alleging, *inter alia*, that the plan did not conform to 11 USC §1325(a)(5)(B)(iii) because the plan included a balloon payment provision. At a hearing, the bankruptcy court sustained the objection because, in its view, the statute no longer permits balloon payment plans.

A notice of appeal was timely filed.

2. Questions presented and relief sought

The questions presented are whether the bankruptcy court correctly sustained Deutsche Bank's objection[1]. To resolve the question, the court must determine whether 11 USC §1325(a)(5)(B)(iii) <u>requires</u> a debtor to provide for property to be distributed by periodic

---

[1] A secondary question in the case, but not presented on appeal, is whether Deutsche Bank has standing in the bankruptcy case. That issue is in the process of being presented to the bankruptcy court.

2

payments, and by necessary implication, prohibits balloon payment plans. The court below essentially answered the question in the affirmative. The appellant believes that such a holding is contrary to the plain language of the statute, which is phrased in the conditional. That is, the statute gives the debtor discretion to determine whether to include a provision for distribution by periodic payments. Where a debtor chooses not to include such a provision, the requirement of equal monthly amounts should not apply. Furthermore, such a requirement would effectively render a debtor's "cram down" ability, pursuant to §1322(b)(2), a practical nullity or theoretical absurdity since no debtor in chapter 13 will have the financial ability to make the monthly payments that would be required without a balloon payment at the end of the plan term. The Supreme Court has disapproved of statutory constructions that have the effect or nullifying or rendering absurd other statutory provisions. *See* United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed. 2d 740 (1988).

Although the Bankruptcy Appellate Panel for the First Circuit has granted leave to appeal on this issue in several other cases, there does not appear to be any appellate decisions on this issue in this Circuit, such as from a District Court. Because denial of confirmation ordinarily is not an appealable order, this issue is not likely to be decided at the appellate level unless leave to appeal is granted. Accordingly, this appeal presents the exceptional circumstances that warrant allowing an interlocutory appeal.

The relief requested is reversal and a finding that a debtor need not provide for distribution of property in the form of periodic payments, but may include a balloon payment provision.

   3.   <u>Reason why leave to appeal should be granted</u>

Leave to appeal should be granted because the question appears to be one of first impression at the appellate level, at least in this circuit, and is of great importance to chapter 13 practice in the circuit. However, because the question arises in the context of an objection to confirmation of a chapter 13 plan, the question is not likely to reach an appellate court unless leave is granted since an order denying confirmation is not an immediately appealable order. In re Watson, 309 BR 652 (1st Cir. BAP 2004), *citing* Bentley v. Boyajian, 266 BR 229 (1st Cir.

3

BAP 2001)². While it is true that the debtor is not foreclosed from filing an amended plan, there is no alternative plan that the debtor could propose that would have a reasonable likelihood of being confirmed, as any other alternatives would likely not be feasible within the meaning of §1325(a)(6).  *See* In re Fantasia, 211 BR 420 (1st Cir. BAP 1997).

Like the appeal in Watson, this matter satisfies the criteria for interlocutory appeal in 28 USC §158(a)(3). The criteria require the court to consider whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Confirmation was denied because, in the judge's view, the statute prohibits, by necessary implication, a balloon payment provision. If the judge is incorrect, the order must be reversed and the plan confirmed. This context satisfies all three requirements of 28 USC §158(a)(3) because the question presented is controlling as to confirmation; there is a substantial ground for difference of opinion, *see* In re Melillo, 385 BR 476 (Bkrtcy.D.Mass. 2008) (collecting cases); and an immediate appeal will materially advance the ultimate termination of the litigation because once the question is resolved, either the debtor will have to file an amended plan, failing which the case would be dismissed³, or the plan will have to be confirmed. In addition, absent leave to appeal, it is unlikely that the issue would be presented to an appellate court.

Brown believes the judge is incorrect because the plain language of the statute, although awkwardly written, nonetheless gives a debtor discretion as to whether to provide for "periodic payments" to a creditor. Here, the plan does not have any provision for "periodic payments". It merely states that the debtor will pay to the trustee a certain amount, and the trustee has

---

² The debtor herein does not agree with this holding for the reasons set forth by the concurring judges in In re Zahn, 367 BR 654 (8th Cir. BAP 2007). In that case, the debtor filed an amended plan after confirmation was denied, then objected to her own amended plan. The bankruptcy court overruled the debtor's objection to her own plan and confirmed it. The debtor appealed to the BAP, which dismissed the appeal since the debtor was not "aggrieved" by confirmation since she had proposed the plan, even though she objected to confirmation. On further appeal, the Court of Appeals reversed, holding that because the plan was confirmed over the debtor's objection, she was "aggrieved" by confirmation, which is a final, appealable order. In re Zahn, -- F.3d –-, 2008 WL 2130508 (8th Cir. 2008). The Court of Appeals declined the BAP's invitation to revisit the issue of finality of orders denying confirmation. The procedure used in Zahn is not open to this debtor because, as stated above, he cannot formulate any other plan that would be feasible, and thus such plans would lack good faith.

³ Allowing the case to be dismissed, as in Benley, is not a practical option because Massachusetts does not require judicial foreclosure, and once the case is dismissed, the mortgagee is free to resume foreclosure. If a stay of dismissal were denied and foreclosure took place, the appeal would be rendered moot. *See* In re Lomagno, 429 F.3d 16 (1st Cir. 2005). Foreclosure is not a risk the debtor should be required to take.

4

discretion about when and how much to distribute to creditors.  There is a distinction between payments to the trustee by the debtor and distributions by the trustee to creditors.  *See* <u>Melillo</u>, fn. 22 ("I note that 11 U.S.C. § 1325(a)(5)(B)(iii)(I) applies to payments made to secured creditors and not plan payments.")  Like the present case, the plan in Melillo apparently had no express provision concerning distributions to creditors.  *Compare* <u>In re Lucier</u>, 2007 WL 4868323 (Bkrtcy.D.N.D. 2007) (plan that proposed to pay a creditor "214.53 Avg." per month over 52 months violated §1325(a)(5)(B)(iii) and could not be confirmed)[4].

      While it is true that §1325 sets forth the requirements for a plan, it is error to conclude that plan must provide for periodic payments.  A "tortuous parsing of the statute", <u>Melillo</u>, is not required to reach that conclusion.  Only a debtor may file a plan, and only a debtor may propose an amended plan prior to confirmation.  <u>In re Muessel</u>, 292 BR 712 (1st Cir. BAP 2003).  The most logical reading of 11 USC  §1325(a)(5)(B)(iii), therefore, requires only that the language chosen by Congress be honored.  "An analysis of the meaning of a statute begins with the language of the statute itself."  In re Long – F.3d. --, 2008 WL 564798 (6th Cir. 2008), *citing*, *inter alia*, <u>United States v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).  Brown's position is simple:  under the statute, a debtor has discretion to decide whether to include a provision concerning the timing and amount of distributions to secured creditors.  <u>If</u> the plan contains such a provision, <u>then</u> the distributions must be in equal monthly amounts.  Conversely, if the plan is *devoid* of such a provision, then the distributions can be in such amounts and at such times as the chapter 13 trustee sees fit and the statute, §1325(a)(5)(B)(iii), does not apply.  This interpretation of the statute is entirely consistent with its plain language and the mandatory nature of §1325; with the prohibition against creditors and the trustee filing a plan prior to confirmation; and with a debtor's right to direct how payments are to be made, *see* §1322(b)(4).

---

[4] *See also* <u>In re Lemieux</u>, 347 BR 460 (Bkrtcy.D.Mass. 2006).  In that case, the court stated that "The Debtors propose to make regular monthly payments through their plan in the sum of $1,081."  It is unclear from the decision whether that means that the plan, itself, provides for such payments as distributions to the creditor.  In any event, <u>Lemieux</u> is distinguishable because the secured claim in that case was being treated pursuant to §1322(c), having matured pre-petition.

4. <u>Conclusion</u>

      A copy of the decision from which appeal is sought was attached to the Notice of Appeal. For the reasons set forth herein, leave to appeal should be granted.

July 22, 2008

                                      Respectfully submitted,
                                      Alexander V. Brown
                                      By debtor's attorney,

                                      /s/        *David G. Baker*
                                      David G. Baker, Esq.
                                      236 Huntington Avenue, Ste. 302
                                      Boston, MA  02115
                                      617-340-3680
                                      BBO# 634889