UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| IN RE | |
|---|---|
| Alexander V. Brown | Chapter 13<br>Case No. 07-12746-JNF |
| Debtor | |

## REPLY TO RESPONSE OF AMERIQUEST FUNDING II, LLC

NOW COMES Alexander V. Brown, debtor, and replies as follows to the response of Ameriquest Funding II, LLC, regarding its withdrawal of a motion for relief from stay.

Ameriquest misquotes the relevant rule. Fed.R.Bankr.Pro. 7041 incorporates Fed.R.Civ.Pro. 41. Because Ameriquest seeks to withdraw its motion voluntarily, the relevant part of the rule is as follows:

(1) By the Plaintiff.

(A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) *By Court Order; Effect*.

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Because this is a contested matter, to which the rule applies by way of Fed.R.Bankr.Pro. 9014, "plaintiff" means "moving party", i.e., Ameriquest Funding II, LLC. The rule is fairly clear; a plaintiff may dismiss a complaint (i.e., withdraw a motion) without a court order only if no

answer or motion for summary judgment has been filed, or all parties who have appeared assent. In the present case, the debtor filed an answer, and has not stipulated to dismissal of the motion. Thus the motion can only be withdrawn by order of the court, as provided in sub-paragraph (2). Accordingly, the court should treat Ameriquest's withdrawal as a motion, to which the debtor filed a limited objection.

Under that sub-section, the court may condition withdrawal on such terms as it considers proper. In the response, Ameriquest acknowledges that the withdrawal also withdraws any request for fees and costs stated in the motion. However, that does not mean that Ameriquest will not attempt to collect those fees at some point in the future, since it is reasonable to assume that Ameriquest paid its attorneys to file the motion. Thus Brown's concern is that the court's order allowing withdrawal make it explicit that Ameriquest may not add to his account, now or in the future, the fees and costs related to the motion. Given that the response is vague on this point, it seems reasonable to request this provision in the order.

As to the "with prejudice" issue, the validity of Ameriquest's lien and its claim in this case has been presented in the context of an adversary proceeding, docket number 08-01191. Accordingly he will not pursue this issue in the present context in deference to determination of the issue via the adversary proceeding.

August 1, 2008

>Respectfully submitted,
>Alexander Brown
>By debtor's attorney,
>
>/s/          *David G. Baker*
>David G. Baker, Esq.
>236 Huntington Avenue, Ste. 302
>Boston, MA  02115
>617-340-3680
>BBO# 634889

<u>Certificate of Service</u>

The undersigned states upon information and belief that the within paper was served upon the entities named below by the court's CM/ECF system.

>/s/          *David G. Baker*
>David G. Baker

Carolyn Bankowski-13     13trustee@ch13boston.com

Adam B. Finkel on behalf of Ameriquest Funding II, LLC    bankruptcy@kordeassoc.com

John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV

Victor Manougian on behalf of Ameriquest Funding II, LLC    bankruptcy@kordeassoc.com

Julie Taylor Moran on behalf of Sovereign Bank    bankruptcy@orlansmoran.com

Julie A. Ranieri on behalf of Ameriquest Funding II, LLC    bankruptcy@kordeassoc.com

Laurie Ray on behalf of Massachusetts Department of Revenue, Child Support Enforcement Division    martuccil@dor.state.ma.us, oneilld@dor.state.ma.us

Meghan Elizabeth Roche on behalf of Sovereign Bank    bankruptcy@orlansmoran.com