UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                                                          Chapter 13
                                                                                     Case No. 07-12746
Alexander V. Brown                                                      Honorable Joan N. Feeney

       Debtor
_____/

### MOTION OF SOVEREIGN BANK FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Sovereign Bank, a secured lien holder in the above captioned Chapter 13 proceeding, moves this court for an order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy Procedure, for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a mortgage which it holds on real property known and numbered as 126 Monsignor Lyden Way, Dorchester, Massachusetts. In support of its motion, Sovereign Bank states the following:

1. On August 31, 2005, Alexander Brown executed a note to Sovereign Bank in the original principal amount of $207,130.00 (the "Note").

2. The Note is secured by a mortgage to Sovereign Bank, dated August 31, 2005 and recorded with the Suffolk County Registry of Deeds at Book 37950, on Page 185 (the "Mortgage"). The Mortgage is a first mortgage on real property owned by the Debtor known and numbered as 126 Monsignor Lyden Way, Dorchester, Massachusetts (the "Property").

3. Sovereign Bank is the current holder of the Mortgage.

4. Sovereign Bank is the current holder of the Note.

5. On May 2, 2007, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

6. The Note and the Mortgage are in default for the April 1, 2009 payment and all subsequent payments, plus reasonable attorney's fees and costs and other charges incurred.

7. There is no other collateral securing the obligation.

8. According to Schedule D, the fair market value of the Property is $251,975.00. Sovereign Bank estimates that the liquidation value of the Property is no greater than $236,856.50, which is the market value minus 6% for the cost of sale.

9. According to Schedule D, Wells Fargo Financial Bank holds an additional lien on the Property in the amount of $4,583.00.

10. According to Schedule C, the Debtor is not claiming an exemption in the Property.

11. A Declaration of Homestead by Alexander Brown is recorded with the Suffolk County Registry of Deeds in Book 37950, Page 224.

12. As of June 11, 2009, the total outstanding balance owed on the Note is $214,561.74.

13. The total amount of encumbrances on the Property is $219,144.74.

14. The Debtor's arrearage at the time of filing totaled $18,878.91

15. Debtor's 2d Amended Plan, which provided for payment of all said pre-petition arrearage, was denied confirmation. No new plan has been filed as of the date of this motion.

16. Sovereign Bank is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtor has not made payments pursuant to the Note and Mortgage.

17.     Sovereign Bank is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because the Debtor have no equity in the Property and the Property is not necessary for an effective reorganization.

WHEREFORE, Sovereign Bank moves that the court enter an order granting Sovereign Bank relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may exercise its rights pursuant to the Note and Mortgage in accordance with applicable state and federal law, and may commence a summary process action against occupants of the Property. Sovereign Bank moves that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

                Sovereign Bank
                By its attorneys,

Date:   June 16, 2009

/s/ Paul J. Mulligan
Paul J. Mulligan, Esq. BBO# 634285
Orlans Moran PLLC
P.O. Box 962169
Boston, MA 02196
Phone: (617) 502-4100
Fax: (617) 502-4101
Email: bankruptcy@orlansmoran.com
File Number: 484.0009