UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Alexander v. Brown, | Chapter 13 |
| | Docket No. 07-12746 |
| Debtor | |

RESPONSE TO OBJECTION TO CONFIRMATION FILED BY DEUTSCHE BANK

NOW COMES Alexander V. Brown, debtor in the above captioned matter (hereinafter "Brown"), and responds as follows to the objection of Deutsche Bank to confirmation:

1. Whether Deutsche Bank is the holder is the subject of the related adversary proceeding, docket number 08-01191. Brown incorporates herein by reference his responses and allegations therein.

2. Brown lacks knowledge or information sufficient to respond.

3. The amended Proof of Claim speaks for itself, but the issue of whether amendment should be allowed was consolidated with the adversary proceeding, *see docket entry 318 in this case*.

4. The order speaks for itself. Regardless of the amount Brown has paid, he has complied with the terms of the Cash Collateral order.

5. Brown will review the docket, but he believes that his schedules were amended in connection with the cash collateral order. If not, amendment will be made promptly.

6. If the schedules were not amended, amendments will be submitted promptly.

7. This misrepresents the plan. All that the plan states is that the debtor will continue to make adequate protection payments consistent with the Cash Collateral Order, and that no disbursements would be made by the trustee, which is why the provision is in section I.B. of the plan.

8. The prior plan speaks for itself, but would seem to be irrelevant to the present plan.

9. The appraisal speaks for itself. The relevant valuation for purposes of the Liquidation Analysis is the value as of the petition date, not subsequent.

10. Denied in part. In the related adversary proceeding, a settlement was reached concerning a second mortgage on the property. This enhances the possibility that Brown could refinance since it eliminates a secondary encumbrance.

11. Denied. Because Deutsche Bank's standing to assert a claim is in doubt, Brown asserts that Deutsche Bank has not filed this objection in good faith.

12. Denied. In re Luckett, cited by Deutsche Bank, is distinguishable for two reasons. 1) The property at issue in that case apparently was the debtor's principal residence, and therefore the obligation was not modifiable[1]. 2) In this case, the court ordered the parties to negotiate the terms of the cash collateral order since the property at issue is an investment property[2]. The parties did so, and the court entered the cash collateral order based on the agreement of Deutsche Bank to its terms. Thus this is not a plan where the debtor is seeking to impose "adequate protection" payments pursuant to a plan over the creditor's objection to such payments, as apparently was the case in Luckett, but one where the creditor has assented, at least by inference, to the adequate protection aspects of the current plan.

13. FURTHER RESPONDING, in In re Lemieux, 347 BR 460 (Bkrtcy.D.Mass. 2006), this court noted, in dicta, that 8 *Collier on Bankruptcy* ¶ 1325.06[3][b][ii][A] at 1325-39 (15th ed. revised 2005), states that §1325(a)(5)(B)(iii) "does not preclude a plan providing for a single payment." As the issue was not presented in that case, the court did not decide the issue. Brown suggests that it arguably *is* presented in this case since, as argued above, the adequate protection payments were ordered by the court with the assent of Deutsche Bank, not proposed by Brown.

WHEREFORE the debtor respectfully requests that the objection be overruled.

October 8, 2009

Respectfully submitted,
Alexander v. Brown
By his attorney,

/s/ *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Room 306
Boston, MA  02115
617-367-4260
BBO# 634889

---

[1] The decision refers to the property as "the Debtors' duplex". Brown interprets that to mean a single property with two floors, such as a condominium unit, rather than a two-family property.

[2] Brown originally hoped to live in it, but that became impracticable for various reasons.

CERTIFICATE OF SERVICE

The undersigned hereby states upon information and belief that the within response was served upon the parties named below by the court's CM/ECF system.

/s/ *David G. Baker*
David G. Baker

R. Bruce Allensworth on behalf of Defendant AMC Mortgage Services Inc.
bruce.allensworth@klgates.com, klgatesbankruptcy@klgates.com

Carolyn Bankowski-13
13trustee@ch13boston.com

Gregory N. Blase on behalf of Defendant AMC Mortgage Services Inc.
gregory.blase@klgates.com, susan.shipley@klgates.com;david.christensen@klgates.com

David D. Christensen on behalf of Defendant AMC Mortgage Services Inc.
david.christensen@klgates.com

Adam B. Finkel on behalf of Creditor Ameriquest Funding II, LLC
bankruptcy@kordeassoc.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Andrea Haddad on behalf of Creditor Internal Revenue Service - IRS
andrea.d.haddad@irscounsel.treas.gov,
janet.f.appel@irscounsel.treas.gov;bankruptcy.boston@irscounsel.treas.gov

Victor Manougian on behalf of Creditor Ameriquest Funding II, LLC
bankruptcy@guaettalaw.com

John S. McNicholas on behalf of Creditor Deutsche Bank National Trust Company, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates
jmcnicholas@kordeassoc.com

Julie Taylor Moran on behalf of Creditor Sovereign Bank
bankruptcy@orlansmoran.com, amendralla@orlansmoran.com

Paul J. Mulligan on behalf of Creditor Sovereign Bank
bankruptcy@orlansmoran.com, amendralla@orlansmoran.com

Dolores O'Neill on behalf of Creditor Massachusetts Department of Revenue, Child Support Enforcement Division
oneilld@dor.state.ma.us

Julie A. Ranieri on behalf of Creditor Ameriquest Funding II, LLC
bankruptcy@kordeassoc.com

Phoebe S. Winder on behalf of Defendant AMC Mortgage Services Inc.
phoebe.winder@klgates.com, klgatesbankruptcy@klgates.com;donna.mcmanus@klgates.com