UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ALEXANDER V. BROWN,**                                Chapter 13
    Debtor                                              Case No. 07-12746-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ALEXANDER V. BROWN,**
    Plaintiff
v.                                                     Adv. P. No. 08-1191
**AMERIQUEST FUNDING II, LLC,
CITI RESIDENTIAL LENDING, INC.,
DEUTSCHE BANK, AS TRUSTEE OF
AMERIQUEST MORTGAGE SECURITIES,
INC. ASSET BACKED PASS THROUGH
CERTIFICATES, SERIES 2006-M3 UNDER
THE POOLING AND SERVICING
AGREEMENT DATED AS OF SEPTEMBER 1,
2006, ARGENT MORTGAGE COMPANY, LLC,
AND AMC MORTGAGE SERVICES, INC.,**
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

### I. INTRODUCTION

There are several matters before the Court: 1) the Motion of Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series ARSI 2006-M3 under the Pooling and Servicing Agreement Dated as of September 1, 2006 ("Deutsche Bank") for Leave to Amend Proof of Claim No. 10 and the Objection filed by Alexander V. Brown (the "Debtor"); and 2) the Motion of

1

Deutsche Bank and Citi Residential Lending, Inc. ("Citi Residential") for Summary Judgment and the Debtor's Objection.  The issue presented is whether this Court should permit Deutsche Bank to amend a proof of claim filed by "AMC Mortgage Services, Inc. as loan servicer for Secured Creditor Argent Mortgage Company, LLC," where AMC Mortgage Services, Inc. failed to attach a copy of either the note or the mortgage to the proof of claim.  *See* Fed. R. Bankr. P. 3001(c) and (d).

The parties have filed numerous documents in support of their respective positions. Deutsche Bank, in particular, has submitted a number of affidavits and supporting documents.  It concedes, however, that "a thread of sloppiness and inattention to detail accompanied both the filing of the original claim and the Transfers of Claim subsequently filed in connection with such claim," adding that "[t]his has worked to the significant detriment of Deutsche Bank and its efforts to pursue its remedies under its loan documents."  It adds that "[i]t is difficult to conceive, however, of any prejudice to the Debtor in this particular case" because "[t]he Debtor claims to have tendered one payment toward the beginning of his case to AMC Mortgage Services, Inc. which payment, Debtor asserts, was returned to him."

The Debtor does not agree with Deutsche Bank's assessment.  In his Objections to Deutsche Bank's Motions, he argues that affidavits in support of Deutsche Bank's position constitute hearsay, and genuine issues of material fact exist warranting a trial.  In his First Amended Complaint, he seeks disallowance of the claim and a declaration that the security interest affecting his property be declared void.  In the alternative, he seeks a complete

accounting of his obligations under the note and mortgage, together with his attorney's fees and costs.

The Court finds that Deutsche Bank's position that the Debtor has not been prejudiced is without merit. The Debtor had every right to object to the proof of claim filed by AMC Mortgage Services, Inc. as loan servicer for Argent Mortgage Company, LLC, which was unaccompanied by the note, mortgage or a "chain of title." Indeed, Deutsche Bank, in its filings with the Court, recognized that the original proof of claim was not entitled to prima facie validity. *See* In re Kirkland, 572 F.3d 838 (10th Cir. 2009).[1]

---

[1] In Kirkland, the Tenth Circuit set forth the applicable law with respect to the requirements for a valid proof of claim in the context of a Chapter 7 case as follows:

> The Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). Because the code does not define "proof of claim," we look to the Federal Rules of Bankruptcy Procedure. "A proof of claim is a written statement setting forth a creditor's claim. . . . [It] shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). The relevant form is Official Form 10, which requires a claimant to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Fed. R. Bankr. P. Official Form 10. Form 10 also instructs a claimant that "[i]f the documents are not available, please explain." Id. When a proof of claim is executed and filed in accordance with the provisions of Rule 3001 (including Official Form 10), it "constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

572 F.3d at 840. *See also* In re Minbatiwalla, __ B.R. __, 2010 WL 694166 at *6-*7 (Bankr. S.D.N.Y. Mar. 1, 2009); 11 U.S.C. § 502(a) and (b). There is a considerable body of case law concerning the contents of and attachments to proofs of claim. There are proposed amendments to the provisions of Federal Rules of Bankruptcy Procedure 3001 and a new rule has been proposed, Rule 3002.1, to implement 11 U.S.C. § 1322(b)(5) which permits Chapter 13 debtors to cure a default and maintain payments of home

The conduct of Deutsche Bank and its predecessors, their inattention to detail and sloppiness has burdened both the Debtor and this Court. Nevertheless, in view of the various documents submitted by Deutsche Bank establishing that it is now both the holder of the note and mortgage originally executed by the Debtor, the Court concludes that a trial on the merits would serve no useful purpose, further increase the costs associated with the Debtor's three-year old Chapter 13 case, and would merely delay consideration of the ultimate issue in the case, namely, whether the Debtor's Chapter 13 plan can be confirmed.

With those considerations in mind, and based on the entire record of proceedings in this case, in particular the List and Summaries of Exhibits Attached to Deutsche Bank's Motion for Leave to Amend Proof of Claim, the Court finds the following pertinent facts.

## II. BACKGROUND

The Debtor filed a voluntary Chapter 13 petition on May 2, 2007. On Schedule A-Real Property, the Debtor listed his residence in Dorchester, Massachusetts, as well as property located at 31 Downer Ave., Dorchester, Massachusetts (the "property") with a value of $420,000. On Schedule D-Creditors Holding Secured Claims, the Debtor listed Argent Mortgage Company, LLC as the holder of a "Mortgages on 31 Downer Ave" in the total amount of $420,000.[2] On Schedule G-Executory Contracts and Unexpired Leases, the Debtor listed two leases at the property to two tenants.

---

mortgages.

[2] The Debtor executed two mortgages in favor of Argent Mortgage Company, LLC.

On May 2, 2007, the Court issued a notice setting September 17, 2007 as the deadline for filing proofs of claim. On August 24, 2007, AMC Mortgages Services, Inc., as loan servicer for Argent Mortgage Company, LLC, filed a proof of claim (No. 10) in the sum of $354,425.38.[3] It noted that the claim was secured and that there existed a prepetition arrearage of $18,795.74. Although it referenced three exhibits, a Promissory Note, Deed of Trust and "Certificates of Assistant Secretary," none of the exhibits were attached to the proof of claim.

Less than four months after the Debtor filed his Chapter 13 case, on August 13, 2007, Deutsche Bank filed a Motion for Relief from the Automatic Stay with respect to the property in which it represented it was the holder of the mortgage. It attached, as an exhibit to its motion for relief from the automatic stay, a copy of the mortgage that the Debtor granted to Argent Mortgage Company, LLC on July 14, 2006 in the sum of $336,000.[4]

---

[3] It also filed a proof of claim (No. 11) in the amount of $89,137.68 with a different account number. On February 18, 2009, Prodovis Mortgage LLC withdrew that proof of claim, which it stated it obtained by assignment dated July 14, 2006.

[4] The Debtor objected to the Motion, noting, *inter alia,* that Deutsche Bank had not filed a proof of claim in his case. On October 9, 2007, the Court entered an order granting Deutsche Bank's Motion for Relief from the Automatic Stay, effective December 4, 2007. One day later, Deutsche Bank moved for relief from the automatic stay with respect to the second mortgage on the property, reciting the same book and page number for the mortgage as it had set forth in its initial motion for relief from stay. On March 2, 2008, Deutsche Bank filed a Motion to Amend the Court's Order of October 9, 2007, noting that in its first motion for relief from stay it inadvertently referenced the book and page number of the second mortgage. It also withdrew its motion for relief from stay with respect to the second mortgage which it had amended. It subsequently withdrew its second motion for relief from stay noting that Ameriquest

On July 17, 2008, the Debtor commenced the above-captioned adversary proceeding and objected to the proof of claim filed by AMC Mortgage Services, Inc. On September 11, 2008, the Court consolidated the adversary proceeding with the Debtor's Objection to Claim. On July 20, 2009, Deutsche Bank filed its Motion for Leave to Amend Proof of Claim No. 10, to which it attached an amended proof of claim listing itself as the creditor and Ameriquest Home Mortgage Servicing, Inc. as its loan servicer. Additionally, it reduced the amount of the prepetition arrearage from $18,795.74 to $15,614.39 and reduced the amount of its secured claim from $354,425.38 to $348,589.94, although in an Addendum attached to the amended proof of claim, it listed the total debt as of May 2, 2007 in a different amount, namely $348,447.12, a difference of $142.82 which is not explicable with respect to the accrual of late charges.

Deutsche Bank referenced the following documents in its Motion for Leave to Amend:

1) the Note executed by the Debtor on July 14, 2006 endorsed in blank by Argent Mortgage Company, LLC;[5]

2) the Mortgage executed by the Debtor on July 14, 2006 endorsed in blank by Argent Mortgage Company, LLC;

3) an Unrecorded Assignment of the Debtor's Mortgage in blank from Argent

---

Funding II, LLC was the holder of the second mortgage. *But see* note 3, *supra*. The confusing sequence of motions for relief from stay, amendments, and withdrawals unequivocally support the view that Deutsche Bank's sloppiness and inattention to detail affected more than just the filing of Claim No. 10.

[5] Sam Marzouk, President and Gregory F. Hanson, C.F.O. endorsed the Note in blank and without recourse.

Mortgage Company LLC;

4) an Assignment from Argent Mortgage Company by Citi Residential Lending Inc. as Attorney in Fact to Deutsche Bank signed by Tamara Price-Vice President on February 20, 2008;

5) an Incumbency Certificate, dated October 23, 2007, pursuant to which Kathleen Wood-Wagner, the Secretary of Citi Residential Lending Inc. certified that Tamara Price, among others, was authorized to transact on behalf of Citi Residential Lending Inc.;

6) a Limited Power of Attorney granted to Citi Residential Lending, Inc. by Argent Mortgage Company LLC, dated December 5, 2008 and effective September 1, 2007, signed by Diane E. Tiberend, Secretary of Argent Mortgage Company, LLC, which was recorded on December 19, 2008;[6]

7) a Confirmatory Corporation Assignment of Deed of Trust/Mortgage from Argent Mortgage Company, LLC to Deutsche Bank dated August 12, 2008, signed by Eileen Driscoll Rubens, Sr. Counsel, which was recorded on August 14, 2008;

8) a "Joint Notification Letter, Notice of Assignment, Sale or Transfer of Servicing Rights," dated July 17, 2006, to the Debtor, advising him that the servicing rights with respect to his loan had been transferred from Argent Mortgage Company, LLC to AMC Mortgage Services, Inc., effective July 14, 2006;

9) a "Joint Notification , Notice of Assignment, Sale or Transfer of Servicing Rights," dated September 14, 2007, to the Debtor, advising him that the

---

[6] This Limited Power of Attorney provides:

The undersigned gives said Attorney-in-fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify, and confirm to all that said Limited Power of Attorney shall be effective as of September 1, 2007. The undersigned does hereby ratify any and all actions heretofore taken by Servicer within the scope of the power or powers granted by or under this Limited Power of Attorney from and after September 1, 2007.

7

servicing rights with respect to his loan had been transferred from AMC Mortgage Services, Inc. to Citi Residential Lending, Inc., effective October 1, 2007;

10) a letter dated January 23, 2009, advising the Debtor that American Home Mortgage Servicing, Inc. had obtained the servicing rights to his loan from Citi Residential Lending, Inc., effective February 11, 2009;

11) the Affidavit of Angela Sallworth, Bankruptcy Team Leader of American Home Mortgage Servicing, Inc.

Based upon the foregoing documents, the Court finds at the time the Debtor filed his bankruptcy petition AMC Mortgage Services, Inc. was the loan servicer and that Deutsche Bank was the holder of the note. Deutsche Bank now holds both the note and the mortgage and has standing to enforce its rights under the note and mortgage it holds. *See generally* In re Samuels, 415 B.R. 8 (Bankr. D. Mass. 2009).

### III. DISCUSSION

As noted above, the issue in this case is whether Deutsche Bank should be permitted to amend the proof of claim originally filed by AMC Mortgage Services, Inc. Section 502(j) provides in relevant part the following:

> (j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. . . .

11 U.S.C. § 502(j). In In re Breaux, 410 B.R. 236 (Bankr. W.D. La. 2009), the court addressed

8

the issue of whether an amended claim filed after the bar date is untimely and must be disallowed under 11 U.S.C. § 502(b)(9). It observed the following:

> Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure expressly provide for amended claims. However, courts generally recognize the right of a creditor to file an amended claim. *See, e.g.*, [Highlands Ins. Co., Inc. v. Alliance Operating Corp. (In re] Alliance Operating Corp.[)], 60 F.3d [1174]at 1175 [(5th Cir. 1995)](citing In re Kolstad, 928 F.2d 171, 175 (5th Cir.1991)); In re Delmonte, 237 B.R. 132, 135 (Bankr. E.D. Tex. 1999). In Kolstad, the Fifth Circuit explained that amendments to proofs of claim should be freely allowed where the purpose is "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim."

Breaux, 410 B.R. at 238-39. The court added:

> Some courts and commentators have based the right to amend claims on a court's authority to reconsider claims under 11 U.S.C. § 502(j). *See, e.g.*, In re Lane, 374 B.R. 830, 837 (Bankr. D. Kan. 2007); In re Disney, 386 B.R. 292, 302-303 (Bankr. D. Colo.2008); Keith M. Lundin, Chapter 13 Bankruptcy 3d Ed. at Section 284.1 (2000 & 2004 Supp.) ("Amendment might be included in the notion of 'reconsideration' of the allowance or disallowance of a claim under 11 U.S.C. Section 502(j) and Bankruptcy Rule 3008."). . . . Other courts base the right to amend proofs of claim on Rule 15 of the Federal Rules of Civil Procedure, which governs the amendment of pleadings. *See, e.g.*, In re Unroe, 937 F.2d 346 (7th Cir.1991) (creditor could amend a claim if it satisfies the "relation back" test in Rule 15; United States v. Johnston, 267 B.R. 717, 721-722 (N.D. Tex. 2001). While amended proofs of claim are freely allowed prior to the bar date, amendments after the bar date are more closely scrutinized to ensure that the amended claim is not an attempt to assert a new claim after the bar date. *See* Alliance Operating Corp., 60 F.3d at 1175 ("Bar dates . . . are not to be vitiated by amendments, and the courts must ensure that the amendments do not introduce wholly new grounds of liability.").

Breaux 410 B.R. at 239. The court also noted that courts are divided as to whether a claim can be amended after the bar date to assert an unsecured deficiency claim after a secured creditor has obtained relief from the automatic stay and sold its collateral. It observed:

9

> Some courts have held that an amended proof of claim that seeks to assert an unsecured deficiency claim after the liquidation of the creditor's collateral amounts to a new claim that cannot be asserted after the bar date. *See, e.g.*, In re McBride, 337 B.R. 451, 460 (Bankr. N.D.N.Y. 2006). Other courts, however, have held that a post-bar date amendment to assert an unsecured deficiency claim is permissible. *See* Delmonte 237 B.R. 132, 135 (Bankr. E.D. Tex. 1999). In Delmonte, the court reasoned that the deficiency claim "relates to and arises out of the same transaction as the original claim." Id. at 136; *see also*, Lundin, Chapter 13 Bankruptcy 3d Ed. at Section 284.1 (noting that "one common example for appropriate use of an amended claim in a chapter 13 case might be the claim for a deficiency when collateral is repossessed and disposed of after confirmation.").

Breaux, 410 B.R. at 239 (agreeing with the position advanced by the creditor). Finally, this Court has noted that "'[r]econsideration of both allowed and disallowed claims may occur at any time before a case is closed, but in such reconsideration the court must weigh the extent and reasonableness of any delay, or prejudice to any party in interest, the effect on efficient court administration and the moving party's good faith.'" Holland v. EMC Mortgage Corp. (In re Holland), 374 B.R. 409, 428 (Bankr. D. Mass. 2007) (citing Orsini Santos v. Lugo Mender (In re Orsini Santos), 349 B.R. 762, 769 (B.A.P. 1st Cir. 2006), and Fryer v. Easy Money Title Pawn, Inc. (In re Fryer), 172 B.R. 1020, 1024 (Bankr. S.D. Ga. 1994)).

In the instant case, Deutsche Bank is not seeking to assert a deficiency claim.[7] Rather, it is correcting deficiencies with respect to the originally filed proof of claim. Because there is no dispute that the Debtor borrowed money from Argent Mortgage Company, LLC and secured the loan with a mortgage, the Court concludes that section

---

[7] The Court notes that because the property is not the principal residence of the Debtor it is not protected by the anti-modification provisions of 11 U.S.C. § 1322(b)(2).

10

502(j) permits the amendment of the proof of claim to correct deficiencies in the statement of ownership set forth in the original claim.

While the Court has determined that Deutsche Bank may amend its claim, the Court conditions allowance of the amendment on payment of the Debtor's reasonable attorney's fees and costs. Deutsche Bank, by its own admission, has noted "a thread of sloppiness and inattention to detail" in conjunction with the filing of the original claim, two Transfers of Claim, not to mention sloppiness in conjunction with its motions for relief from the automatic stay. Under these circumstances, equity requires payment of the Debtor's attorney's fees and costs in conjunction with the Objection Claim and the commencement of the adversary proceeding.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order granting Deutsche Bank's Motion for Summary Judgment and its Motion for Leave to Amend Proof of Claim No. 10, without prejudice to the Debtor's assertion of any objection with respect to the amount of the amended proof of claim only.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Court

Dated: April 19, 2010
cc: David G. Baker, Esq., John S. McNicholas, Esq.